505 P.2d 1222

**J. S. REINHART, Plaintiff-Appellee,**

v.

**A. Lynn LINDHOLM and Florence A. Lindholm, his wife, Defendants-Appellants.**

No. 9521.

Supreme Court of New Mexico.

Dec. 22, 1972.

Rehearing Denied Feb. 6, 1973.

Adams & Zeikus, Albuquerque, for appellants.

Marron & McKinnon, Dennis D. Meredith, Albuquerque, for appellee.

## OPINION

McMANUS, Justice.

Defendants purchased a ranch in 1968 and have remained in possession of it since that time. Plaintiff does not claim any right to possession prior to that of defendants and has never been in possession of the ranch as an owner, as a tenant, or in any other capacity. Yet, on July 27, 1971, he caused defendants to be served with a notice to quit and deliver possession, and when defendants refused to do so plaintiff brought suit in the District Court of Torrance County for unlawful detainer and related damages.

On these facts alone it seems strange indeed that plaintiff feels entitled to possession. Only if we investigate and determine plaintiff's claimed title to the property, based upon a bitterly disputed contract between the parties, will plaintiff's actions seem reasonable. Plaintiff's alleged title is the only foundation for his claim that defendants are violating § 36–12–1(A) (5), N.M.S.A.1953 (2d Repl.Vol. 6, 1972), as follows:

"A. A civil action for forcible entry or unlawful detainer of real property is commenced by the filing of a civil complaint alleging that one or more of the following facts exists: * * *

"(5) the defendant is a tenant from month to month or a tenant at will and continues in possession of the premises after thirty [30] days' written notice by the owner or his agent or attorney to vacate."

Section 36–12–2(C), N.M.S.A. 1953 (2d Repl.Vol. 6, 1972), reads as follows:

"The questions of title or boundaries of land shall not be investigated in an action for forcible entry or unlawful detainer, but the action does not prevent a party from testing the right of property in any other manner. An action for forcible entry or unlawful detainer may

not be brought in connection with any other action, nor may it be made the subject of setoff."

Because plaintiff's title is so directly and inextricably involved in this action for unlawful detainer and because § 36–12–2(C), supra, directs that the question of title to land shall not be investigated in an action for unlawful detainer, it follows that this action may not be maintained.

The judgment of the court below that defendants were guilty of unlawful detainer, that plaintiff was entitled to damages and that plaintiff should be put in possession of the property is reversed.

It is so ordered.

OMAN and STEPHENSON, JJ., concur.